UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL FRANCIS MOYNIHAN,　　　　　)
　　　　　　　　　　　　　　　　　　　) CASE NO. C11-1787-MJP
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　) REPORT AND RECOMMENDATION
　　　　　　　　　　　　　　　　　　　)
JOHN J. JUHL,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Michael Francis Moynihan, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") with a civil complaint. He names Snohomish County Deputy Prosecuting Attorney John J. Juhl as defendant and seeks monetary relief in the amount of $502,000.00. (Dkt. 1-1 at 5 ("Plaintiff is seeking compensation for $502,000 to be made as injunctive relief at the state level[.]")) For the reasons described below, the Court recommends that this matter be DISMISSED and plaintiff's IFP application DENIED as moot.[1]

---

[1] Plaintiff was incarcerated at Snohomish County Jail in Everett, Washington, but it appears he has been released. Accordingly, the IFP application is not currently subject to the three–strikes rule of

REPORT AND RECOMMENDATION
PAGE -1

01  Plaintiff alleges in his complaint that Juhl "has been pretending to be a mere
02 representative" of the State of Washington and "impersonating an official without providing
03 required credentials[.]" (Dkt. 1-1 at 1.) Plaintiff contends this conduct violated a number of
04 federal criminal statutes, including 18 U.S.C. §§ 241, 912, 1341, 1510, and 1621. (*Id*. at 5.)
05 As a general matter, statutes that provide for punishment by fine or imprisonment do not create
06 privately enforceable rights or give rise to civil liability. *See generally Aldabe v. Aldabe*, 616
07 F.2d 1089, 1092 (9th Cir. 1980). Here, none of the statutes identified by plaintiff impose civil
08 liability. *See*, *e.g.*, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no
09 civil liability imposed by §§ 241 and 242); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir.
10 2003) (same, § 912); *Wisdom v. First Midwest Bank,* 167 F.3d 402, 408 (8th Cir. 1999) (same,
11 §§ 1341 and 1342); *Alson v. City of Elk Grove*, No. CIV S-11-0678, 2011 U.S. Dist. LEXIS
12 119177 at *9 (E.D. Cal. Oct. 14, 2011) (same, § 1510); *Roemer v. Crow*, 993 F. Supp. 834, 837
13 (D. Kan. 1998) (same, § 1621), *aff'd by* 162 F.3d 1174 (10th Cir. 1998).[2] Accordingly, the
14 alleged violations of federal criminal statutes fail to state claims upon which relief may be
15 granted. Likewise, plaintiff's allegation of a violation of a state criminal statute, RCW
16 9.62.010, is not properly pursued in a civil action filed in this Court.

17  Plaintiff also alleges the violation of his federal constitutional rights, including a due

---

19 28 U.S.C. § 1915(g). *See*, *e.g.*, *Moynihan v. Issaquah Courthouse*, C11-0893-RSL (Dkt. 5) (applying three-strikes rule to plaintiff based on dismissal of cases as frivolous and/or for failing to state a claim upon which relief may be granted). Also, while plaintiff submitted a letter dated November 3, 2011
20 asking the Court to stay all of his pending cases due to his limited access to sufficient legal materials (Dkt. 3), this request is now moot given his apparent release.

22  2 Plaintiff also alleges violation of 18 U.S.C. § 1986. However, there is no such statute and plaintiff's intended claim, stated as "Failure to stop a wrong having knowledge of the law", is otherwise insufficiently described. (Dkt. 1-1 at 5.)

REPORT AND RECOMMENDATION
PAGE -2

process challenge and an allegation of malicious prosecution. (Dkt. 1-1 at 4-5.) Such claims would arise under 42 U.S.C. § 1983. However, § 1983 claims for monetary damages against prosecutors are barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). It is apparent that the conduct targeted by plaintiff here falls within that protected by prosecutorial immunity. *See*, *e.g.*, *id.* (prosecutorial immunity applies to conduct "intimately associated with the judicial phase of the criminal process," protecting prosecutors when performing traditional activities related to the initiation and presentation of criminal prosecutions); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (prosecutorial immunity applies to the decision to prosecute a particular case); *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) ("This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution."). Moreover, it appears that plaintiff's malicious prosecution claim would not otherwise be cognizable because a decision in plaintiff's favor would likely undermine the validity of his criminal convictions and nothing plaintiff presents here or in any of his many other cases filed in this Court suggest invalidation of those convictions. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (where a § 1983 action implies the invalidity of a criminal conviction or sentence, the action may not proceed unless plaintiff first succeeds in overturning the underlying conviction or sentence through direct appeal or a post-conviction type of proceeding). Plaintiff may not, therefore, pursue his constitutional claims against Juhl.

Plaintiff, in his remaining claim, alleges "General Malfeasance" in violation of the Washington State Constitution and state law. (Dkt. 1-1 at 5.) However, the constitutional provisions and state law relied upon in support of this claim relate to the recall of elected

officers. (*Id*. (citing Wash. Const. Art. I, §§ 33-44 and RCW 29A.56.110)). Juhl is not an elected official and plaintiff provides no basis for pursuing a claim of this nature in this Court.

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, it appears that plaintiff would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case. This is more than the rule of liberally granting leave to amend requires. Accordingly, the Court concludes that plaintiff need not be granted leave to amend. If, however, plaintiff believes he can cure these defects by amendment, he may submit an amended complaint with his objections, if any, to this Report and Recommendation.

Given the above, the Court recommends that plaintiff's complaint be DISMISSED with prejudice and plaintiff's application to proceed IFP DENIED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of January, 2012.

Mary Alice Theiler
United States Magistrate Judge